Ming Yuan Li v Salas (2024 NY Slip Op 50910(U))

[*1]

Ming Yuan Li v Salas

2024 NY Slip Op 50910(U)

Decided on July 16, 2024

Civil Court Of The City Of New York, Queens County

Sanchez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 16, 2024
Civil Court of the City of New York, Queens County

Ming Yuan Li, Petitioner(s)
against
Leticia Salas, Respondent(s)

Index No. LT-317209-22/QU

Enedina Pilar Sanchez, J.

NYSCEF 1-28
On July 1, 2024, this proceeding was marked submitted.[FN1]

Procedural History and Motions Before the Court
This non-payment proceeding was commenced in November 2022. It seeks rent for October 2022, September 2022, and August 2022 for a total of $8,613.40. The Affidavit of Service provides the papers were affixed to the entrance door of the subject premises. Respondent did not answer, and Petitioner sought a default judgment of possession and warrant of eviction. On April 17, 2023, a judgment of possession issued. A warrant of eviction was issued to the Marshal.
On December 14, 2022, when the request for a default judgment was filed with the Warrant Department, payments accepted had satisfied the Rent Demand except for Four Dollars ($4.00)
On or about June 5, 2023, Respondent filed an Order to Show Cause, (Motion Seq. No. 1) and stated she was unaware of a court date. The Order to Show Cause was returnable on July 20, 2023. The matter was adjourned numerous times for Opposition to the Order to Show Cause. On or about August 22, 3023, Respondent appeared by counsel, Queens Legal Service filed a Notice of Appearance and an Affirmation and Affidavit in Further Support of the Order to Show Cause. The 2-attorneys continued to adjourn the matter.
On or about March 18, 2024, Petitioner filed a Notice of Cross-Motion (Motion Seq. No. 2) seeking to amend the petition to include that the subject premises are a Multiple Dwelling and that it was properly registered. NYSCEF Doc. No. 19. Respondent filed a Reply.
On April 24, 2024, a new attorney filed a Notice of Appearance for Petitioner. NYSCEF Doc. No. 27. The proceeding was adjourned again for new counsel to conference and argue the [*2]motions before the court. On June 12, 2024, Petitioner's counsel did not appear, and the matter was adjourned to July 1, 2024 per the Order of Hon. Thermos. NYSCEF Doc. No. 12.
On July 1, 2024, Petitioner did not appear, and Respondent requested that Petitioner's Cross-Motion be denied and the Order to Show Cause granted. Although Petitioner's counsel did not appear to argue the Notice of Cross-Motion and the relief sought therein, the Court noted that there was opposition to the Order to Show Cause and examined the opposition filed.
Discussion and Conclusion
This non-payment proceeding seeks rent for October 2022, September 2022, and August 2022 for a total of $8,613.40. The Rent Demand dated October 14, 2022 provides that the rent for August 2022 is $2,690.60. The rent for September 2022 and October 2022 is stated to be $2,966.40 per each month. The Affidavit of Service provides that the Rent Demand was affixed to the entrance door of the apartment. The petition provides that Respondent is in possession pursuant to a written lease agreement.
The rent ledger provided by Petitioner shows that payments were made to the Petitioner. On December 12, 2022 when the Affidavit in support of a default judgment was signed, the Rent Demand had been satisfied except for a balance of Four Dollars. The rent ledger shows that on December 5, 2022 after the payments made to Petitioner the balance was $4.00.
On July 20, 2023 when Respondent's Order to Show Cause was scheduled to be heard, the petition was unquestionably fully satisfied. Petitioner had not filed a motion to amend the petition and the applicable law required that the case be discontinued or dismissed. Pursuant to RPAPL §731(4) as the rent payment was made prior to the hearing on the petition, the acceptance of rent by the petitioner had rendered moot the ground on which the proceeding was commenced. See, 43-25 Hunter Affordable Lessee L.L.C. v. Johnson, 2024 NY Slip Op 50261(U), 82 Misc 3d 1209(A)[Civ Ct, Queens County 2024]. Petitioner had accepted rent and those payments had satisfied the Rent Demand before the Order to Show Cause was filed.
Contrary to the arguments presented, there is no need for the Court to examine if there was a reasonable default and a meritorious defense, as the petition was satisfied, and no other analysis is at play. The default judgment and warrant must be vacated as a matter of law because the basis on which the petition was commenced was resolved by the payments accepted.
Accordingly, Respondent's Order to Show Cause is granted and the default judgment and warrant of eviction are vacated. The case is dismissed with prejudice.
Petitioner's Notice of Cross-Motion is denied as moot.
This Decision/Order will be filed to NYSCEF.
This constitutes the Decision/Order of the Court.
Dated: July 16, 2024
Queens, New York
SO ORDERED,
HON. ENEDINA PILAR SANCHEZ,
J.H.C.

Footnotes

Footnote 1: This matter was mistakenly marked submitted on March 18, 2024. On March 18, 2024, the matter was adjourned to permit Respondent to address the Notice of Cross-Motion that was made returnable on March 19 [sic] 2024.